### GORLITZER v. LEVENSON.

(Supreme Court, Appellate Term. November 29, 1907.)

**1. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.**

The exclusion of evidence offered by plaintiff is not prejudicial, in the absence of proof of loss entitling him to recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4187–4193.]

**2. SAME—RULINGS ON EVIDENCE—EXCEPTIONS—REVIEW.**

Where no exception is taken to the exclusion of evidence, no question for review is presented.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1503.]

**3. SAME—RECORD—QUESTIONS PRESENTED.**

The exclusion of papers offered in evidence will not be reviewed, where such papers were not marked for identification and printed in the record, so that their relation to the issue in the action could be ascertained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2905–2909.]

**4. MONEY RECEIVED—EVIDENCE—SUFFICIENCY.**

In an action to recover a specified sum on a check which was diverted by defendant, it appeared by plaintiff's case that the check was not paid, that payment of it was stopped, and that his assignor did not suffer any damage by reason of the making and delivery of the check. *Held* to justify the dismissal of the complaint at the close of plaintiff's case.

Appeal from City Court of New York, Special Term.

Action by Leon Gorlitzer against Morris Levenson. From a judgment of dismissal of the complaint at the end of plaintiff's case, he appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Samuel P. Goldman, for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

PER CURIAM. The action was brought to recover $500 on a check which was diverted by the defendant. The check was never paid, and the evidence fails to show that plaintiff's assignor suffered any loss or damage whatever by reason of the making and delivery thereof. Plaintiff's assignor attempted to prove that an action was at one time brought against him to recover the face of the check, but in that regard he utterly failed. No record of any court was produced to show that any judgment had ever been recovered on the check in question, nor was it established that any one ever received a dollar on account thereof. In fact, plaintiff proved that payment of the check was stopped. The complaint was dismissed, and plaintiff appeals.

Our attention has been called to no errors which require us to reverse the judgment. The exclusion of evidence, to which some of the exceptions refer, could in no event have prejudiced appellant, in the absence of proof showing the slightest loss. The exclusion of certain papers alleged to have some bearing on a lawsuit brought against the maker of the check was also harmless, and, as no exception was taken, no question for review is presented. Indeed, such papers were not even marked for identification and printed in the record, so that their relation to the issue involved in this action could be ascertained. While the dismissal of the complaint was justified, the judgment of dismissal should not have been upon the merits. The record does not show that any such ruling was made.

The judgment should therefore be modified, by striking therefrom the words "upon the merits," and, as so modified, affirmed, without costs of this appeal to either party.